UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER R. STERLING,

                Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C16-01753BHS

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

        (X) Disability Insurance

        (  ) Supplemental Security Income

Plaintiff's:

        Sex: Male

        Age: 51 at application date

Principal Disabilities Alleged by Plaintiff: Post-traumatic stress disorder, degenerative
disc disease, memory loss, depression, and ankle and knee pain

Disability Allegedly Began: October 26, 2011

Principal Previous Work Experience: Warehouse worker and window installer

Education Level Achieved by Plaintiff: GED

ORDER - 1

1

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

2  Before ALJ Tom L. Morris:

3      Date of Hearing: January 6, 2015; hearing transcript AR 38-82

4      Date of Decision: June 8, 2015

5      Appears in Record at: AR 13-32

6      Summary of Decision:

7
        The claimant has not engaged in substantial gainful activity since
October 26, 2011, the amended alleged onset date.  The claimant has
8  the following severe impairments: degenerative disc disease of the
lumbar spine, residual arthritis from right ankle surgery,
9  patellofemoral chondromalacia of the right knee, tear of the medical
meniscus of the left knee, affective disorders, anxiety disorders, and
10  drug and substance addiction.  The claimant does not have an
impairment or combination of impairments that meets or medically
11  equals the severity of one of the listed impairments in 20 C.F.R. Part
404, Subpart P, Appendix 1.

12
        The claimant has the residual functional capacity ("RFC") to
13  perform light work as defined in 20 C.F.R. § 404.1567(b) except as
follows.  He can frequently crawl and balance, and occasionally
14  climb ramps and stairs, stoop, kneel, and crouch.  He should never
climb ladders, ropes, or scaffolds.  He must avoid concentrated
15  exposure to extreme cold, wetness, vibrations, and hazards, such as
dangerous machinery, unprotected heights.  He is capable of
16  unskilled work tasks involving short and simple instructions with
customary breaks and lunch.  There can be occasional contact with
17  people for work tasks requiring 10 minutes or fewer per occurrence.
There can be occasional contact with coworkers and supervisors for
18  work tasks averaging 15 minutes or fewer per occurrence.  There can
be frequent simple adjustments and changes to the work
19  environment.  There should be an emphasis on occupations/duties
dealing with things or objects rather than people for the majority of
20  work tasks.  He should have an additional ten-minute break as work
tasks permit.

21
        The claimant is unable to perform any past relevant work.
22  Considering the claimant's age, education, work experience, and

> RFC, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from October 26, 2011, to the date of the decision.

Before Appeals Council:

Date of Decision: September 15, 2016

Appears in Record at: AR 1-6

Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278

1  F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

2  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

3  must be upheld."  *Id.*

4                              **V. EVALUATING DISABILITY**

5          The claimant, Christopher R. Sterling ("Sterling"), bears the burden of proving

6  that he is disabled within the meaning of the Social Security Act ("Act").  *Meanel v.*

7  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to

8  engage in any substantial gainful activity" due to a physical or mental impairment which

9  has lasted, or is expected to last, for a continuous period of not less than twelve months.

10  42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if his

11  impairments are of such severity that he is unable to do his previous work, and cannot,

12  considering his age, education, and work experience, engage in any other substantial

13  gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also*

14  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

15         The Commissioner has established a five-step sequential evaluation process for

16  determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R.

17  § 416.920.  The claimant bears the burden of proof during steps one through four.

18  *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five,

19  the burden shifts to the Commissioner.  *Id.*

20

21

22

ORDER - 4

# VI. ISSUE ON APPEAL

1.    Did the ALJ err in determining that Sterling could perform work at step five based on the vocational expert testimony?

# VII. DISCUSSION

Sterling appeals the Commissioner's decision denying him disability benefits, arguing that the ALJ erred by finding at step five that Sterling could perform work based on vocational expert testimony that was inconsistent with the RFC assessed.  *See* Dkt. 9 at 1-4.  The Court disagrees.

If a claimant cannot perform his past relevant work, the ALJ must show at step five of the sequential evaluation process that there are a significant number of jobs in the national economy the claimant is able to perform.  *See Tackett*, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520(d), (e).  The ALJ can accomplish this through the testimony of a vocational expert or by reference to the Commissioner's Medical-Vocational Guidelines. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.  An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ.  *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence.  *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record."  *Id.* (citations omitted).

1    At the hearing, the ALJ posed a hypothetical question to the vocational expert

2    containing substantially the same limitations as were included in the RFC except without

3    a need for additional breaks.  *See* AR 75-77.  The vocational expert responded with

4    several jobs that a person with those limitations could perform.  *See id.*  The ALJ then

5    specifically added a limitation to the previous hypothetical for an "addition[al] 10-minute

6    break" as work permitted.  *See* AR 78.  The vocational expert responded that if a person

7    "took an additional 10 minutes of time throughout the workday," that person could still

8    perform the jobs mentioned.  *See id.*  The vocational expert later clarified upon

9    questioning by Sterling's counsel that he was interpreting the ALJ's question to mean

10    that the person in the hypothetical would need up to 10 minutes of extra break time

11    cumulatively throughout the day.  *See* AR 80.  The ALJ ultimately assessed Sterling with

12    an RFC that required "an additional 10-minute break" as work permitted.  *See* AR 19.

13    Sterling argues that the ALJ's finding that Sterling could perform the jobs

14    identified by the vocational expert is in error because the RFC allows a single, additional

15    10-minute break, when the vocational expert only testified that the jobs would allow 10

16    minutes of cumulative additional break time throughout the day.  *See* Dkt. 9 at 3-4.

17    Sterling interprets the vocational expert's testimony to mean that the jobs identified

18    would not accommodate a single, additional 10-minute break.  *See id.*  However, the

19    Court does not agree with this inference.  While the vocational expert clarified that the

20    additional ten minutes of break time that the jobs would allow could be throughout the

21    day, he never stated that the ten minutes could not occur in one continuous break.  *See*

22    AR 78, 80.  The vocational expert only testified that a person's employability at those

1  jobs would be affected if that person needed more than 10 additional minutes of break

2  time.  *See id.*  In short, the ALJ added a limitation to his hypothetical question, the

3  vocational expert testified that it would not affect a worker's employability, and the ALJ

4  accordingly found that Sterling could perform work with an RFC that matched the full

5  hypothetical question.  *See id.*  Therefore, the Court finds no error in the ALJ's finding at

6  step five that Sterling could perform work available in the national economy.

### VIII.  ORDER

8    Therefore, it is hereby **ORDERED** that the Commissioner's final decision is

9  **AFFIRMED**.

10    Dated this 3rd day of April, 2017.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7